IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-19-160-C |
| | ) | |
| DWAYNE EDWARD RASMUSSEN, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant was charged in a four-count Superseding Indictment with four different bank robberies each in violation of 18 U.S.C. § 2113(a). Defendant requests the Court dismiss counts 1, 2, and 3. According to Defendant, these Counts violate the Fed. R. Crim. P. 11 agreement between the parties. Defendant asserts that information Plaintiff learned during the Rule 11 process provided the bases for Counts 1, 2, and 3. In response, Plaintiff asserts Defendant's Motion should be denied as the Court has previously found no Rule 11 agreement was reached.

As Plaintiff notes, the Court has on two prior occasions ruled that no agreement was reached between Plaintiff and Defendant. In the absence of any agreement, any potential protections of the proposed agreement are unavailable to Defendant. Defendant offers no authority for the proposition that information learned in a failed plea negotiation cannot be later used against him. While Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 may preclude offering evidence of statements made during plea negotiations into evidence, those rules do not preclude using that information to bring additional charges against Defendant. In any event, the proffer executed by Defendant during the plea negotiations explicitly waived any

protection from Rules 11(f) and/or 410.  Finally, that proffer statement explicitly advised Defendant that additional charges were possible based on statements he made during the negotiations.

Accordingly, Defendant's Motion to Dismiss Counts 1, 2 and 3 of the Superseding Indictment (Dkt. No. 51) is DENIED.

IT IS SO ORDERED this 13th day of January, 2020.

ROBIN J. CAUTHRON
United States District Judge