IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-19-160-C |
| | ) | |
| DWAYNE EDWARD RASMUSSEN, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant was charged in a four-count Superseding Indictment with four different bank robberies each in violation of 18 U.S.C. § 2113(a). Defendant requests the Court sever the Counts and conduct a separate trial on each. Defendant argues that if not tried separately, he will be prejudiced.

Pursuant to Fed. R. Crim. P. 8(a), joinder of offenses in a single indictment is proper under three distinct scenarios: 1) if they are of the same or similar character; 2) if they are based on the same act or transaction; or 3) if they are connected with or constitute parts of a common scheme or plan. Defendant argues that of these options, the only one that can arguably be applied is that the four distinct robberies were part of a common scheme or plan. Defendant argues this option does not apply as there was no "unique signature" in the four robberies. In response, Plaintiff notes that the evidence will demonstrate that Defendant and his accomplice had the same basic plan for committing each robbery and that the robberies exhibited the same or similar characteristics.

The Tenth Circuit has stated that Rule 8 is to be "construed broadly to allow liberal joinder to enhance the efficiency of the judicial system." See United States v. Hopkinson,

631 F.2d 665, 668 (10th Cir. 1980). "In deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials." United States v. Hollis, 971 F.2d 1441, 1456 (10th Cir. 1992) (citing United States v. Cardall, 885 F.2d 656, 668 (10th Cir. 1989)). Here, the Court finds that Defendant has failed to establish his heavy burden of showing prejudice by the joinder. Hopkins, 631 F.2d 668. The Court further finds that conducting a single trial of all four Counts will not unduly prejudice Defendant and that the expense and inconvenience of separate trials outweighs any prejudice to Defendant.

As set forth more fully herein, Defendant's Motion to Sever Counts (Dkt. No. 52) is DENIED.

IT IS SO ORDERED this 13th day of January, 2020.

ROBIN J. CAUTHRON
United States District Judge